UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. Bank, N.A., ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> Lamplight Square @ Coronado Ranch ) <br> Homeowners' Association, ) <br> ) <br> Defendant. ) | Case No.: 2:15-cv-1292-GMN-CWH <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 10), filed by Defendant Lamplight Square at Coronado Ranch Homeowners' Association ("Lamplight HOA"). Plaintiff U.S. Bank, N.A. ("U.S. Bank") filed a response, (ECF No. 13), and Lamplight HOA replied, (ECF No. 17). For the reasons set forth herein, the Motion will be denied.

**I.     BACKGROUND**

This case arises out of a dispute over the effects of Lamplight HOA's foreclosure on a "super-priority" interest in real property under Nev. Rev. Stat. § 116.3116. (Compl., ECF No. 1).

Specifically, this case centers upon interests held by the parties in real property located at 8376 Hunter Brook Street, Las Vegas, NV 89139 (the "Property"). (*Id.* ¶ 6). According to the Complaint, on May 11, 2004, Pia Jane L. Bustos obtained a loan in the amount of $261,000 that was secured by a deed of trust on the Property. (*Id.* ¶ 11). The deed of trust was subsequently assigned to U.S. Bank. (*Id.* ¶ 12).

On July 21, 2009, Alessi and Koenig, LLC, ("A&K") as trustee for Lamplight HOA, recorded a notice of delinquent assessment lien against the Property for $1,272.73. (Notice of

Delinquent Assessment Lien, ECF No. 13-1).[1] This notice specified that $320 of the lien's total represented "Collection and/or Attorney fees" and $100 represented "collection costs, late fees, service charges, and interest." (*Id.*). On September 16, 2009, A&K recorded a notice of default and election to sell, warning that Lamplight HOA would foreclose on its lien unless payment was made in the amount of $2,447.49. (Notice of Default, ECF No. 13-2). This notice did not specify what portion of that amount, if any, constituted a super-priority interest, nor did it indicate the amount representing collection costs and attorney fees. (*Id.*).

On January 26, 2010, A&K recorded a notice of trustee's sale, which stated that the total amount of the unpaid balance owed to Lamplight HOA was $3,564.03. (First Notice of Sale, ECF No. 13-3). This notice also did not disclose that any portion of the lien constituted a super-priority interest, or indicate the amount of collection costs and attorney fees included in the total. (*Id.*). On September 16, 2010, A&K recorded another notice of trustee's sale, which stated that the total amount of the unpaid balance owed to Lamplight HOA was $4,579.71. (Second Notice of Sale, ECF No. 13-4). Again, this notice did not clarify whether any portion of that total represented a super-priority interest, or specify what amount represented collection costs and attorney fees. (*Id.*). On March 23, 2011, Lamplight HOA purchased the property itself at a trustee's sale for $8,425.91. (Trustee's Deed Upon Sale, ECF No. 13-5).

The Complaint sets forth claims against Lamplight HOA for: (1) violations of Nev. Rev. Stat. § 116.1113; (2) wrongful foreclosure; and (3) quiet title/declaratory relief.[2] (Compl. ¶¶ 26-64). These claims focus upon U.S. Bank's contention that the trustee's sale should be set aside because Lamplight HOA failed to specify whether it possessed a super-priority interest, and

---

[1] As matters of public record, the Court takes judicial notice of Exhibits 1-5 of U.S. Bank's Response. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

[2] The Complaint also purports to set forth a claim for injunctive relief. However, it is well established that injunctive relief is a remedy rather than an independent cause of action. *See, e.g.*, *Nationstar Mortgage, LLC v. Hometown W. II Homeowners Ass'n*, No. 2:15-cv-1232-RCJ-NJK, 2015 WL 5092805, at *1 n.1 (D. Nev. Aug. 26, 2015). Accordingly, the Court construes U.S. Bank's request for an injunction as a prayer for relief.

because the sale price was merely a small fraction of the Property's actual value. (*Id.* ¶¶ 38-42).[3]

In the instant Motion, Lamplight HOA argues that U.S. Bank's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

---

[3] U.S. Bank also argues that certain provisions of Chapter 116 of the Nevada Revised Statutes violate its procedural due process rights under the United States and Nevada Constitutions. (Compl. ¶¶ 30-36).  However, because the Court finds that U.S. Bank has sufficiently stated its quiet title claim based on commercial unreasonableness, the Court will not address the constitutional arguments at this time. *United States v. Sandoval-Lopez*, 122 F.3d 797, 802 n.9 (9th Cir. 1997) ("We avoid constitutional questions when an alternative basis for disposing of the case presents itself.").

1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id*. Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *E.g.*, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.  DISCUSSION

In its Motion, Lamplight HOA argues that all of U.S. Bank's claims should be dismissed with prejudice. The Court will address each claim in turn.

**A. Violations of Nev. Rev. Stat. § 116.1113**

Nev. Rev. Stat. § 116.1113 provides, "Every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." In the Complaint, U.S. Bank alleges that Lamplight HOA failed to act in good faith by not informing U.S. Bank that its security interest in the Property was at risk prior to the trustee's sale. (Compl. ¶¶ 45-50).

However, the Complaint does not specify any underlying contract or duty which would give rise an obligation that Lamplight HOA act in good faith in regard to U.S. Bank. Indeed, the text of section 116.1113 makes clear that it imposes an obligation of good faith only upon entities who are parties to a contract or bear a duty subject to Chapter 116 of the Nevada Revised Statutes. Therefore, because the Complaint fails to identify such a contract or duty, U.S. Bank has failed to set forth allegations as to an essential element of its Nev. Rev. Stat. § 116.1113 claim, and the Court will dismiss this claim. Because the failure to specify a contract or duty giving rise to an obligation of good faith under Nev. Rev. Stat. § 116.1113 can be corrected through amendment, this claim will be dismissed without prejudice.

### B. Wrongful Foreclosure

To prevail on a common law wrongful foreclosure claim, a plaintiff must prove that the foreclosing party did not have a legal right to foreclose on the property. *Hines v. Nat'l Default Servicing Corp.*, No. 62128, 2015 WL 4611941, at *2 (Nev. July 31, 2015) (citing *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983)). In the Complaint, U.S. Bank appears to assert that Lamplight HOA did not have a legal right to foreclose upon the Property, because it failed to adhere to the requirements of Nev. Rev. Stat. § 116.1113. (Compl. ¶ 55) ("Because HOA violated the good faith requirements of NRS 116.1113, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.").

However, as stated *supra*, the good faith obligation created by Nev. Rev. Stat. § 116.1113 arises only if there exists an underlying contract or duty governing the relationship between the parties. Because U.S. Bank has failed to identify such a contract or duty in its Complaint, this claim will be dismissed without prejudice.

### C. Quiet Title

Under Nevada law, quiet title claims are governed by Nev. Rev. Stat. § 40.010. Pursuant to this section, "An action may be brought by any person against another who claims

an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010.  "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013).

      The Nevada Supreme Court has stated that a "common-interest community association's nonjudicial foreclosure sale may be set aside . . . upon a showing of grossly inadequate price plus 'fraud, unfairness, or oppression.' " *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 132 Nev. Adv. Op. 5 (2016) (quoting *Long v. Towne*, 639 P.2d 528, 530 (Nev. 1982)).  Here, U.S. Bank has sufficiently alleged that the price of the Property was grossly inadequate, as the sale price of $8,425.91 was less than 4% of the value originally secured by the deed of trust. Additionally, by claiming that Lamplight HOA gave no notice that it possessed a super-priority interest, that it improperly calculated of the amount of the lien, and that it refused to accept tender of the super-priority amount, U.S. Bank has sufficiently alleged that Lamplight HOA engaged in fraud, unfairness, or oppression which would warrant setting aside the trustee's sale. *See U.S. Bank, N.A. v. SFR Investments Pool 1, LLC*, No. 3:15-cv-0241-RCJ-WGC, 2015 WL 5023450, at *1 (D. Nev. Aug. 26, 2015) (holding that a plaintiff sufficiently stated a quiet title claim by alleging that an HOA refused to accept tender of the value of its super-priority lien prior to a trustee's sale); *GMAT Legal Title Trust v. Fitchner*, No. 3:15-cv-0044-HDM-WGC, 2015 WL 7312881, at *3 (D. Nev. Nov. 19, 2015) (holding that a plaintiff sufficiently stated a quiet title claim by alleging that an HOA incorrectly included fees and costs in calculating the amount of its super-priority lien).  Accordingly, the Court finds that U.S. Bank has sufficiently stated a claim for quiet title, and Lamplight HOA's Motion will be denied as to this claim.[4]

---

[4] Lamplight HOA also argues that the quiet title claim should be dismissed, pursuant to Nev. Rev. Stat. § 38.310, because U.S. Bank did not submit the claim to mediation prior to filing this action.  However, it is well

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Lamplight HOA's Motion to Dismiss, (ECF No. 10), is **GRANTED in part and DENIED in part**, pursuant to the foregoing.

**IT IS FURTHER ORDERED** that U.S. Bank's claims for violations of Nev. Rev. Stat. § 116.1113 and wrongful foreclosure are **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that U.S. Bank shall have until March 23, 2016, to file an amended complaint which corrects the deficiencies in its claims for violations of Nev. Rev. Stat. § 116.1113 and wrongful foreclosure.  Failure to file by this deadline will result in dismissal of these claims with prejudice.

**DATED** this ___9___ day of March, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

established that quiet title claims are exempt from the mediation requirements of Nev. Rev. Stat. § 38.310. *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013).